UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEREMY A. FESSETTE,

                        Plaintiff,

    v.                                                    9:15-CV-0659
                                                           (TJM/TWD)

SCHROYER, GLENN, Physician, et. al.,

                        Defendants.

---

APPEARANCES:

JEREMY FESSETTE
15-A-3257
Plaintiff, pro se
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

Pro se plaintiff Jeremy Fessette commenced this civil rights action asserting claims arising out of his confinement at the Clinton County Jail ("Clinton C.J."). Dkt. No. 1 ("Compl."). In a Decision and Order filed July 17, 2015 ("July Order"), the Court granted plaintiff's IFP application and, following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court determined that the complaint failed to state a claim upon which relief could be granted and, therefore, was subject to dismissal. Dkt. No. 4, *generally*. In light of his pro se status, plaintiff was afforded an opportunity to

submit an amended complaint. *See id*. at 10. Currently before the Court is plaintiff's amended complaint. Dkt. No. 7 ("Am. Compl.").

## II. DISCUSSION

### A. Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the May Order and it will not be restated in this Decision and Order. *See* July Order at 2-3. The Court will construe the allegations in plaintiff's amended complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

### B. July Order and Amended Complaint

In the July Order, the Court dismissed plaintiff's claim that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *See* July Order at 9. Plaintiff was afforded the opportunity to amend the complaint.[1] *See id.*

In the amended complaint, plaintiff names a new defendant, Sue Kinter ("Kinter"), Nurse Administrator at Clinton C.J.[2] *See* Am. Compl. at 2. On August 12, 2014, plaintiff was booked into the Clinton C.J. for possession of prescription methadone. Dkt. No. 1-1 at 1-2.

---

[1] Plaintiff annexed thirty-one pages of exhibits to the amended complaint. To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the amended complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

[2] The Clerk is directed to add this defendant to the docket report for this action.

2

On August 20, 2014, plaintiff's "medical issues and medications" were "faxed" to Clinton County Jail. *See id.* at 3. Plaintiff's medical records revealed that he suffered from degenerative bone disease, a traumatic brain injury and seizure disorder. *See id.* at 3-4. At the time plaintiff arrived at Clinton C.J., he was prescribed and taking 30 mg of Adderall for attention deficit disorder. *See* Dkt. No. 1-1 at 3. Kinter ordered Jail Physician Glenn Schroyer ("Schroyer") not to give plaintiff the medication because plaintiff could use it to "get high." *See id.* A fellow inmate, Devon Stirusky ("Stirusky"), was prescribed, and received, the same medication. *See* Am. Compl. at 4. Seventy-six days after plaintiff was admitted to Clinton C.J., plaintiff received medication. *See* Dkt. No. 1-1 at 3.

As a result of Kinter's and Schroyer's actions, plaintiff suffered a seizure while in the shower and fell on his left arm breaking pins in his left elbow.[3] *See* Am. Compl. at 4. Sergeant Claney ("Claney")[4], the officer on duty at the time that plaintiff fell, called Kinter and asked what to do. *See* Dkt. No. 1-1 at 3. Kinter told Claney to put plaintiff in his cell with a mattress on the floor and indicated that plaintiff would be seen the next day. *See id.* Seventeen hours later, plaintiff was seen by the medical staff. *See id.* X-rays were taken and plaintiff was referred to an orthopedic specialist. *See id.*

Plaintiff claims that Kinter failed to complete "a thorough medical history at the time [plaintiff] arrived" at Clinton C.J. *See Am.* Compl. at 4. Plaintiff also claims that Schroyer placed him in grave danger when he allowed plaintiff to "go thru withdrawl [sic] with no medication." *See id.* at 4. Construed liberally, plaintiff claims that Kinter and Schroyer

---

[3] The complaint lacks facts establishing when this injury occurred.

[4] Claney is not a defendant herein.

3

violated his Eighth Amendment rights and discriminated against plaintiff. *See* Am. Compl. at 5.

## C. Analysis

### 1. Eighth Amendment

Plaintiff alleges that Kinter and Schroyer violated his Eighth Amendment rights and were deliberately indifferent to his serious medical needs when they discontinued his medication and failed to review his complete medical history.[5] *See* Dkt. No. 1-1 at 3. Construed liberally, plaintiff also alleges that Kinter was deliberately indifferent to his medical needs after he fell in the shower because she delayed medical treatment. *See id.* at 3.

In the July Order, the Court found that plaintiff had not plead facts to suggest that he suffered from a serious medical condition. *See* July Order at 8. The Court dismissed all Eighth Amendment claims reasoning:

> Even assuming plaintiff's injuries were sufficiently serious, to satisfy the second prong of the analysis, plaintiff must allege facts to demonstrate that defendant "knew of and disregarded an excessive risk to his health or safety." *Sales v. Barizone*, No. 03 Civ. 6691, 2004 WL 2781752, at *18 (S.D.N.Y. Dec. 2, 2004) (citing *Farmer*, 511 U.S. at 837). The complaint lacks any such facts. At best, the complaint contains allegations related to negligence and malpractice, which are not actionable under section 1983. *See Morales v. New York State Dep't of Corrs.*, 842 F.2d 27, 30 (2d Cir. 1988); *see also Hathaway*, 99 F.3d at 553. Plaintiff claims that he has not been provided with the same standard of care that he received outside of the facility, *see* Compl. at 3, 4, but does not allege that Schroyer acted with any malice or that he was "deliberately indifferent." There are no allegations to plausibly suggest that the fourteen day delay in treatment amounted to deliberate indifference to

---

[5] The legal standards and caselaw involving Eighth Amendment violations related to deliberate indifference to medical needs was discussed in the July Order and it will not be restated in this Decision and Order. *See* July Order at 5-8.

4

> a serious medical need. In this case, plaintiff was treated by Schroyer and received medications. These actions do not demonstrate deliberate indifference. Additionally, although plaintiff claims that he was not given the same medicine "that he was on upon entry to this facility," plaintiff's allegations suggest a disagreement with treatment which fails to state an Eighth Amendment claim.

July Order at 8-9.

Despite the fact that plaintiff was afforded the opportunity to amend his complaint, the amended complaint does not cure the deficiencies in the original pleading related to this claim. Even assuming that plaintiff suffered from a serious medical need, plaintiff has not plead that defendants were aware that failing to review plaintiff's full medical history would result in an excessive risk to plaintiff's health or that defendants acted with the necessary culpable state of mind. *See Holmes v. Fell*, No. 92 Civ. 1296, 856 F.Supp. 181 (S.D.N.Y. June 24, 1994) (the plaintiff failed to establish that the nurse intentionally disregarded his medical history).

Additionally, the amended complaint does not contain any facts suggesting that defendants were actually aware that discontinuing plaintiff's Adderall, for any period of time, would cause him substantial pain. Indeed, the exhibits annexed to the amended complaint belie plaintiff's allegations. From September 8, 2014 through October 31, 2014, plaintiff submitted eighteen sick call requests. *See* Dkt. No. 1-1 at 8-18. Only one sick call request related to plaintiff's Adderall prescription. *See id.* Specifically, on October 10, 2014, plaintiff complained that he could not concentrate and stated that he needed his medication, "for appropriate level of care." *See id.* at 8. A response, dated October 27, 2014, indicated "will research Dr. Disney records." *See id.* The amended complaint and exhibits lack any further facts related to plaintiff's Adderall medication or the alleged side effects plaintiff experienced

5

from defendants' withholding the medication. Discontinuing a medication, without more, does not show sufficient disregard to plaintiff's medical needs to give rise to a constitutional claim. *See Douglas v. Stanwick*, No. 98 CV 6249, 93 F. Supp.2d 320, 326 (W.D.N.Y. April 17, 2000) (the plaintiff never complained of pain in his hand and thus, the defendant had no reason to believe that the plaintiff was suffering from pain that over-the-counter medications were not adequately treating) (citing *Jones Bey v. Wright*, No. 3:93 CV 0440, 1996 WL 277961 *6 (N.D. Ind. May 14, 1996) (defendant's decision to discontinue pain medication that plaintiff had been taking at county jail was decision regarding appropriate medical treatment, and plaintiff's disagreement with that decision did not establish deliberate indifference)).

At best, plaintiff's allegations suggest negligence or medical malpractice and are insufficient to establish any constitutional violation. *See Hernandez v. Keane*, 341 F.3d 137 (2d Cir. 2003); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Broschart v. O'Connor-Ryerson*, No. 9:11-CV-0405 (LEK/GHL), 2012 WL 555307, at *3 (N.D.N.Y. Jan. 17, 2012) *report and recommendation adopted*, No. 9:11-CV-00405 LEK, 2012 WL 555407 (N.D.N.Y. Feb. 21, 2012) ("[a]t most, the plaintiff alleges that the defendant committed medical malpractice because she should have been aware of the dangers of abrupt withdrawal from Percodan and, accordingly, we[a]ned [the plaintiff] off the medication.").

To the extent that plaintiff claims he was not treated in an expeditious manner after his fall, the facts fall far short of demonstrating that any defendant acted with reckless disregard or deliberate indifference to his medical needs. If officials deliberately delayed care as a

form of punishment and ignored a "life threatening and fast-degenerating" condition, the delay may constitute deliberate indifference. *See Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999). Here, the facts alleged fail to plausibly suggest that Kinter deliberately withheld medical treatment for the purpose of punishing plaintiff. The amended complaint is void of any facts establishing that the seventeen hour delay resulted in a "fast degenerating" condition or "life threatening" harm to plaintiff. *See Lee v. Frederick*, No. 02-CV-6177, 519 F.Supp.2d 320, 328 (W.D.N.Y. Oct. 22, 1997); *see also McMillon v. Davidson*, No. 05-CV-6558, 873 F.Supp.2d 512, 515 (W.D.N.Y. July 9, 2012) (the plaintiff did not allege that he suffered any long-lasting harm as a result of the alleged delay of a few days in receiving pain medication).

For the reasons set forth herein and in the July Order, plaintiff's Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failure to state a claim.

**2.  Fourteenth Amendment - Equal Protection**

Plaintiff claims that Schroyer and Kinter were "bias[ed] towards anyone on the methadone program" and discriminated against plaintiff. *See* Dkt. No. 1-1 at 2, 4. The Fourteenth Amendment's Equal Protection Clause mandates equal treatment under the law. Essential to that protection is the guarantee that similarly situated persons be treated equally. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "In order to establish an equal protection violation, the plaintiff must show that he way treated differently than other people in similar circumstances and must establish that such unequal treatment was the result of intentional and purposeful discrimination," typically against an identifiable or suspect class, such as race or religion. *Chaney v. Koupash*, No. 04-CV-0126 (LEK/DRH),

2008 WL 5423419, at *20 (N.D.N.Y. Dec. 30, 2008) (citation omitted); *Phillips v. Girdich*, 408 F.3d 124, 129 (2d Cir. 2005). In addition, a valid equal protection claim may be brought by a "class of one" "where the plaintiff alleges that she [or he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir.2005).

Here, plaintiff claims that he was treated differently due to the fact that he was prescribed methadone and treated with "psych meds" by a physician. *See* Dkt. No. 1-1 at 4. Even assuming that "addicts constitute a viable 'class', prison authorities may treat members of such a group differently than non-addicts, as long as the disparate treatment is rationally related to a valid public policy goal." *Wright v. Genovese*, No. 07-CV-473 (LEK/ATB), 694 F.Supp.2d 137, 162 (N.D.N.Y. March 9, 2010) *aff'd*, 415 F. App'x 313 (2d Cir. 2011). "For prison medical officials dispensing narcotic pain medications on which inmates could become dependent, it is hardly irrational to consider the inmate's perceived addiction or history of substance abuse as a factor in making the medical judgment about what drug to prescribe." *Id*. (citations omitted). Further, while plaintiff identified and compared himself to another inmate, Stirusky, the amended complaint lacks any facts suggesting how Stirusky and plaintiff were similarly situated. Accordingly, plaintiff's Fourteenth Amendment Equal Protection claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Negligence

Throughout the amended complaint, plaintiff claims that Schroyer and Kinter were negligent. See Dkt. No. 1-1 at 2, 4. Allegations of negligence do not give rise to

8

constitutional violations and are not cognizable under § 1983. *Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir. 1991).

Despite a liberal reading of the pleading, a review of plaintiff's amended complaint reveals that the amended complaint does not cure the deficiencies identified in his original complaint. The Court finds that the amended complaint does not comply with the Court's July Order and thus, plaintiff's claims are dismissed in their entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III. Leave to Amend to Cure Deficiencies

Ordinarily, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); see also Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at \*1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiff has already been provided one opportunity to amend his

complaint. The deficiencies with his original complaint, identified by the court in its decision, have not been cured with the amended complaint. Accordingly, the Court finds that any further amendment would be futile.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk is directed to add Kinter as a defendant to the docket report for this action; and it is further

**ORDERED** that plaintiff's action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

SO ORDERED.

Dated: November 17, 2015

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge